# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **HECTOR ENRIQUE ALVAREZ,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | |
| ] | **CV-09-BE-0008-M** |
| **JEFF MURPHREE, BARRY NELSON,** ] | |
| **SOCIAL SECURITY** ] | |
| **ADMINISTRATION, et. al.,** ] | |
| ] | |
| **Defendants.** ] | |
| ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

This matter is before the court on "Notice of Substitution and Application for Order Thereon" (doc. 2) and "Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment" (doc. 3).  Plaintiff has filed responses to Defendants' application (doc. 8) and motion (doc. 9).  For the reasons stated in this memorandum opinion, the court will GRANT the application for an order regarding substitution; will ORDER the clerk to reflect on the record that the United States has been substituted as the sole Defendant in place of Defendants Murphree and Nelson; will DEEM Plaintiff's response to represent a request that the court dismiss the Social Security Administration and will GRANT that request; will DISMISS as party Defendants the Social Security Administration, Jeff Murphree and Barry Nelson; will GRANT the United States' motion to dismiss; and will GRANT Plaintiff leave to amend the Complaint within thirty days.

1

## BACKGROUND

*Pro se* Plaintiff Hector Alvarez was an employee of the Social Security Administration, and worked at the Gadsden branch as a bilingual claims representative. On March 3, 2004, Alvarez left work on sick leave at approximately 11:30 a.m., complaining of weakness and dizziness. Upon arriving home, he contacted the Animal Control Agency in Anniston, Alabama in response to a telephone message from his daughter asking him to do so. An animal control officer advised Alvarez that he would be arrested if he did not comply with the order requiring him to feed and provide medical care for the horses belonging to his ex-wife but located on his property. On March 4, 2004, Alvarez called in sick to work and then subsequently went to his property and fed his ex-wife's horses. While he was on the property, Alvarez encountered a man who had previously shot his ex-wife, and after an altercation, Alvarez shot the man. That same day, police arrested Alvarez, booked him into the Jacksonville city jail, and charged him with attempted murder.

After he was released on bond, Alvarez contacted his government employees' union representative, who advised the Social Security Administration about the incident. On March 10 or 11, 2004, Defendant Jeff Murphree, manager of the Gadsden office of the Social Security Administration, indefinitely suspended Alvarez, and Alvarez subsequently filed a grievance regarding the suspension. On August 9, 2004, the Grand Jury for the Circuit Court of Calhoun County, Alabama formally indicted Alvarez on the charges of intent to commit murder (Ala. Code § 13A-6-2) and attempt to intentionally cause the death of another person (Ala. Code § 13A-4-2).

On December 8, 2004, an arbitration hearing was held regarding Alvarez's suspension,

pursuant to the union's Collective Bargaining Agreement.  In a decision dated February 13, 2006, the arbitrator found that sufficient evidence did not support the agency's determination in March of 2004 that it had "reasonable cause to believe (Mr. Alvarez) had committed a crime for which a sentence of imprisonment could be imposed" nor did sufficient evidence support a nexus between Alvarez's actions and arrest and the efficiency of the agency's service.  (Pl.'s Compl. 5).  The arbitrator directed the agency to cancel Alvarez's suspension and reinstate him, restore his seniority and benefits, and provide him with back pay.  The record does not include the terms of the Collective Bargaining Agreement, and does not indicate the procedure for appealing or enforcing the arbitration decision, or reopening the arbitration hearing.

In a letter dated March 18, 2006, the agency communicated to Alvarez a "proposal" that he would be indefinitely suspended from his claims representative position pending the outcome of his trial.  In a letter dated March 31, 2006, the agency notified Alvarez that it would place him on indefinite suspension effective April 3, 2006 and lasting until certain specified events; one of the events triggering the end of the suspension would be Alvarez's conviction of the criminal charges brought against him and the agency's proposal of an adverse action based on the conviction.

In May of 2006, the agency paid Alvarez a sum of money, which he claims is the incorrect amount of back pay and benefits due under the arbitration decision.  After receiving this amount, Alvarez contacted an attorney regarding having the arbitration action reopened, and the attorney suggested that they wait until after his criminal trial to do so.

In June of 2007, a jury convicted Alvarez of attempted murder. In a letter dated July 24, 2007, the agency advised Alvarez of its proposal to remove him from his position based on his

conviction. On August 4, 2007, a judge sentenced Alvarez to 25 years in prison. Alvarez appealed his conviction, and his case remains pending on appeal.

In a letter dated October 22, 2007 and sent to Alvarez's attorney, Murphree advised Alvarez of the agency's decision to remove him from his agency position effective November 1, 2007. As grounds for the removal, Murphree stated that he had found "a nexus between your criminal behavior and subsequent conviction and the efficiency of the [SSA's] service." (doc. 4-3, at 4). Alvarez's attorney forwarded this letter to him with appeal forms from the agency and notice of deadline to appeal his removal. By the time Alvarez received this information, one day remained before the deadline to appeal. The attorney advised Alvarez that he was closing his files and would not help with the appeal. Alvarez did not appeal his removal by the deadline.

Upon the advice of a paralegal law clerk at the correctional facility, Alvarez filed a "Motion for Arbitration to Be Reopened" in March of 2008 with the Merit System Protection Board to reopen arbitration and enforce the arbitration decision. The Board treated this motion as an initial appeal. In a decision dated June 30, 2008, the administrative law judge dismissed the appeal for lack of jurisdiction, finding that the Board lacked enforcement authority over an arbitrator's award. A subsequent petition for review was also denied.

Alvarez filed the instant case on December 4, 2008 in the Circuit Court of Etowah County, Alabama against Defendants Jeff Murphree, Manager of the Gadsden Social Security Office; Barry Nelson, Human Resources Specialist for the Social Security Administration; and the Social Security Administration. The Complaint is entitled "Civil Tort Claim Based upon Breach of Contract by Legal Fraud, Deceit, Suppression, and in Bad Faith Pursuant to § 6-5-101 and § 6-5-102 Code of Alabama, 1975." (Pl.'s Compl. doc. 1). It alleges that Defendants

"Breached a Contractual Agreement (Binding Arbitration Ruling) deceitfully misrepresenting their actions" when they indicated that they would comply with the arbitration ruling knowing that they had no intention of doing so. (doc. 1, at 9)

On January 5, 2009, the United States Social Security Administration removed the case to this court. On March 5, 2009, the United States Attorney filed a "Certification of Scope of Employment" (doc. 2-2) certifying that the individual Defendants, Jeff Murphee and Barry Nelson, were acting within the line and scope of their employment with the agency at the time of the actions alleged in Alvarez's Complaint. Contemporaneously with that certification, Defendants filed a Notice of Substitution asking this court to substitute the United States as the sole proper Defendant; and further, a motion to dismiss or, in the alternative, for summary judgment. Alvarez filed an objection to the Notice of Substitution, and a response opposing the United States' motion to dismiss.

## DISCUSSION

### A. Application for Order on Notice of Substitution

Defendants filed their "Notice of Substitution and Application for Order Thereon," requesting that this court enter an order substituting the United States of America as the sole Defendant in place of two individual Defendants: Jeff Murphree and Barry Nelson. Accompanying that Notice was a certification from the United States Attorney that, at the time of the alleged acts referenced in the Complaint, the individual defendants were acting within the scope of their official duties for the United States Social Security Administration.

In response to the Notice, Alvarez objected to the substitution of the United States for the Defendants. He stated that he never intended to sue the Social Security Administration, and

explained that he sued Murphree and Nelson in their individual capacities, and that the Complaint was supposed to read "Jeff Murphree, Barry Nelson *of* Social Security Administration, Defendants" not "Jeff Murphree, Barry Nelson, Social Security Administration."

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1)[1], provides that a suit against the United States shall be the exclusive remedy for persons with common law tort claims resulting from the acts or omissions of federal employees done within the scope of their office or employment. In addition, the FTCA, at 28 U.S.C. § 2679(d)(2)[2], provides that upon the certification of the United States Attorney that a federal employee was acting within the scope of his employment at the time of the incident out of which the claim arose, any action commenced in a state court shall be removed to the United States district court and will be deemed to be an action against the United States, who shall be substituted as the party defendant.

---

[1] 28 U.S.C. § 2679(b)(1) provides: "The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred."

[2] 28 U.S.C. § 2679(d)(2) provides: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. The certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

In the instant case, Alvarez's Complaint is entitled "Civil Tort Claim Based upon Breach of Contract by Legal Fraud, Deceit, Suppression, and in Bad Faith Pursuant to § 6-5-101 and § 6-5-102 Code of Alabama, 1975." While *pro se* complaints frequently offer challenges of interpreting what claims the plaintiff intends to bring, and this Complaint is no exception, the Complaint clearly expresses Alvarez's intent to bring tort claims for fraud [3] involving the failure to comply with the arbitration decision; the two code sections that Alvarez cites define two types of fraud – misrepresentation of a material fact and suppression of a material fact. The Complaint may also attempt to state a claim for tortious interference with Alvarez's contract rights. The Complaint states that the tort claims result from acts or omissions of federal employees, identifying those employees by their names and positions with the Social Security Administration. Having established that the Complaint does indeed assert tort claims resulting from acts of federal employees, the remaining issue is whether Defendants were acting in the scope of their employment when they allegedly committed those acts.

The Attorney General certified that Defendants Murphree and Nelson were acting in the scope of their employment with the Social Security Administration at the time of the incident out

---

[3]Although the Complaint repeatedly refers to breach of contract, each time it does so, that breach is listed as part of a fraud assertion. For example, under the "Allegations" section of the Complaint, the heading is "Breached Binding Arbitration Agreement by Contract Based upon Suppression, Legal Fraud and Deceit." In the first paragraph under that heading, Plaintiff alleges that Defendant Murphree "'fired' this Plaintiff" and that Defendant Nelson . . . 'Breached a Contractual Agreement (Binding Arbitration Ruling) deceitfully misrepresenting their actions.'" (Pl.'s Compl. doc. 1, at 18). Further, Alvarez's statement in doc. 8-2 that he intended to sue employees of the Social Security Administration but *not* the Social Security Administration itself and that he objected to the substitution of the United States of America would indicate that he did not intend to pursue a breach of contact claim; the Complaint does not assert the existence of a contract between Alvarez and these individual Defendants. Accordingly, the court finds that the Complaint does not include a breach of contract count.

of which the claim arose.  Upon the filing of a scope-of-employment certification, the action was deemed to be against the United States and the United States was substituted as a party defendant, as mandated by § 2679.  Although that certification is dispositive for removal purposes, it is not dispositive for purposes of substitution; when a plaintiff contests the scope-of-employment certification, the district court determines the issue *de novo*.  *S.J. & W Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1542-43 (11th Cir. 1990);   However, with the filing of a scope certification, the "burden of altering the status quo by proving that the employee acted outside the scope of employment is . . . on the plaintiff."  *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) (quotation and marks omitted).

  The court must determine whether Alvarez has met his burden.  In making this determination, the court looks to "the law of the state where the incident occurred."  *Id.* (quoting *S.J. & W Ranch, Inc.*, 913 F.2d at 1542).   In Alabama, the state where the incident in question occurred, the "rule . . . whether certain conduct of an employee is within the line and scope of his employment is substantially that if an employee is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the employment."  *Solmica of the Gulf Coast, Inc. v. Braggs*, 232 So. 2d 638, 642 (Ala. 1970).   As long as the evidence establishes that the act was "incident to carrying out the duties assigned by his master," the act is within the scope of employment even though the master "did not authorize the agent to resort to . . . improper or unlawful means. . . [that were] unknown to his master or even contrary to his express directions." *Id.*  In scope-of-employment determinations, "the dispositive question is whether the employee was engaged in an act that he was hired to perform or in conduct that conferred a benefit on his employer."  *Hulbert v. State*

*Farm Mut. Auto. Ins. Co.,* 723 So. 2d 22, 24 (Ala. 1998).  If, on the other hand, the plaintiff is not performing acts he has been hired to do, but is "impelled by motives that are wholly personal," his actions fall outside the scope of his employment.  *Solmica*, 232 So. 2d at 642-43.  Under Alabama law, even willful wrongs can fall within the scope of the actor's employment; "the motive behind the act does not [cause it to fall outside the employment's scope] unless it can be shown that the servant acted from wholly personal motives having no relation to the business of the master."  *Plaisance v. Yelder*, 408 So. 2d 136, 137 (Ala. Civ. App. 1981) (citations omitted).

     Alvarez has failed to meet his burden of demonstrating that Murphree and Nelson were not acting within the scope of their employment.  Their actions involved the suspension and firing of Alvarez and allegedly breaching the binding arbitration decision by indicating that they were going to comply with it when they had no intention to do so.  The Social Security Administration had hired Murphree as office manager and Nelson as HR specialist to handle personnel decisions, so in making personnel decisions regarding the suspension and firing of Alvarez, they were certainly engaged in acts that they were hired to perform.  The alleged deceit and misrepresentations and tortious interference with contract rights also involved their personnel duties; the arbitration ruling around which the fraud and tortious interference supposedly occurred was a personnel matter.  Even if Murphree and Nelson used unlawful and fraudulent means to carry out their personnel duties, Alabama law considers their actions to be within the scope of their employment absent evidence that they acted from wholly personal motives.  Alvarez's Complaint does not, however, contain assertions that Murphree and Nelson acted from personal motives or received any personal benefit from their actions, nor does the

9

Complaint include any alleged facts that would otherwise cause Defendants' actions to fall outside the scope of their employment as interpreted by Alabama law. Having noted the absence of these matters in the Complaint, the court recognizes that Alvarez is a *pro se* litigant; however, the court cannot assume that Alvarez will be able to prove facts that he has not alleged and that are contrary to the U.S. Attorney's Certification. Accordingly, the court finds that Alvarez has not met his burden on the scope of employment issue.

The court will therefore deem this action to be one against the United States, and will GRANT Defendants' application for an order on the Notice of Substitution. As a result of the scope of employment certification, the United States is automatically substituted as the sole federal Defendant in this action pursuant to 28 U.S.C. §§ 2679(d) and 1346(b); however, the record in this case does not yet reflect that substitution. The court will ORDER the clerk to substitute the United States as sole Defendant in place of Defendants Murphree and Nelson, and to DISMISS those Defendants as parties in this action.

### B. Dismissal of the Social Security Administration

The court acknowledges Alvarez's statement in his response to the Notice of Substitution that he never intended to sue the Social Security Administration and that any claims apparently directed against the agency resulted from typographical errors; however, he has filed no formal motion to dismiss or stipulation of dismissal. The court DEEMS Plaintiff's response to represent a request that the court dismiss the Social Security Administration, and this court will GRANT that request, DISMISSING the Social Security Administration as a party Defendant.

**C. The United States' Motion to Dismiss or, in the Alternative, for Summary Judgment**

As the court has established through its previous findings in this opinion, the United States remains as the sole Defendant in this action. It has filed a motion to dismiss, or in the alternative, motion for summary judgment, asserting sovereign immunity and lack of subject matter jurisdiction. In support of its motion, the government offered not only a brief setting forth its legal arguments, but also four exhibits, including a sworn declaration. (*See* docs. 4-2 through 4-5).

"A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action. . . ." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Two types of challenges to subject matter jurisdiction exist: facial attacks and factual attacks. The Eleventh Circuit has recently explained the distinction between these two types of challenges:

> A "facial attack" on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. "Factual attacks," on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered. In a factual challenge, the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.

*In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1311 (11th Cir. 2009) (quoting *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007) and *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981) (internal alterations as well as internal quotations and citations omitted)).

In the instant case, the United States first presents a facial attack on the Complaint,

asserting that the Complaint fails to state a basis for federal jurisdiction or a waiver of sovereign immunity.

Federal courts are courts of limited jurisdiction; federal judicial power is dependent upon a statutory grant of jurisdiction. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 233-34 (1922). Federal court jurisdiction cannot be presumed, but must be affirmatively and positively pled. *Norton v. Larney*, 266 U.S. 511, 515 (1925). In determining whether a case arises under federal law, a court generally is confined to the well-pleaded allegations of the plaintiff's complaint. *Merrell Dow Pharm.*, *Inc. v. Thompson,* 478 U.S. 804, 808 (1986); *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). The plaintiff shoulders the burden of pleading and proving the subject matter jurisdiction of this court. *Autery v. United States,* 992 F.2d 1523, 1526 n. 6 (1993). The "United States, as sovereign, is immune from suit save as it consents to be sued. . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citation omitted); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *Sherwood).*

For waivers of sovereign immunity to be effective, the United States must express them unequivocally; such waivers cannot be implied. *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Further, statutory waivers of sovereign immunity "are to be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951). Unless sovereign immunity is explicitly waived, or does not apply, it bars equitable as well as legal remedies against the United States. *Army & Air Force Exchange Serv. v. Sheehan*, 456 U.S. 728, 73-41 (1982); *Malone v. Bowdoin*, 369 U.S. 643, 648 n. 9 (1962). Therefore, a plaintiff bringing a claim against the United States or a federal agency must identify the specific

waiver of sovereign immunity that permits its pursuit.  If he does not, the court lacks subject matter jurisdiction.  *United States v. Sherwood*, 312 U.S. at 591-92.

Accordingly, because the sole Defendant who remains in this suit is the United States, the Plaintiff's Complaint must sufficiently plead that the relief he requests is within a statutory waiver of sovereign immunity.  However, Plaintiff's Complaint identifies no waiver of sovereign immunity.  In his response to the United States' motion to dismiss, Alvarez does not respond to the government's argument that he has failed to plead that the United States has waived its sovereign immunity.  Rather, he acknowledges that he "never, not even on the face of his complaint allege[s] any form of federal questions" and that "this Honorable Court does not have jurisdiction." (doc. 9, at 3).  Although the Plaintiff's response reveals his misunderstanding of federal jurisdiction, the Federal Rules of Civil Procedure[4], and the principles governing removal, the court agrees with his conclusion that the face of his Complaint does not establish subject matter jurisdiction in that it fails to allege any basis for a waiver of sovereign immunity.  Having failed to meet his burden of establishing subject matter jurisdiction, Plaintiff's Complaint is due to be dismissed.

Even if dismissal of a Complaint is proper, courts generally provide the litigant with an

---

[4] Plaintiff also asserts that the United States' response to the Complaint was untimely. Alvarez bases his argument upon Rule 81(c), which gives defendants a response deadline of twenty-one days after service or receipt of the complaint or seven days after removal, whichever period is longer.  Rule 12(a)(2) grants the government a sixty day response period from the date of service.  Because Defendants did not file a response until fifty-eight days after removal, Plaintiff claims that the response was untimely.  The court notes that Plaintiff did not file a motion objecting to the timeliness of Defendants' response and raised timeliness a month and a half after Defendants' responsive pleading – only after the court ordered him to file responses to the Defendants' Notice of Substitution and Motion to Dismiss.  Under these circumstances, the court will not disallow Defendants' responses based on an argument that they were untimely.

opportunity to amend unless such an opportunity would be an exercise in futility. *See Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1262 (11th Cir. 2004) (holding that "denial of leave to amend is justified by futility when the [proposed] complaint as amended is still subject to dismissal"). Leave to amend is granted even more freely when the litigant is *pro se. See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff *who is represented by counsel*, never filed a motion to amend." (emphasis added))

In the instant case, the United States has asserted many strong reasons why this case should be dismissed, arguing that Alvarez's claim of interference with contractual rights falls under an exception to the Federal Tort Claim Act [FTCA]'s waiver of immunity; that Alvarez has failed to exhaust his administrative remedies as required by the FTCA; and that, to the extent Alvarez alleges a nondiscriminatory personnel action, the Civil Service Reform Act (CSRA) supersedes any independent judicial remedy. Alvarez has not responded to those arguments, except to reiterate that he never intended to sue the United States at all. Because Alvarez, a *pro se* litigant, did not even recognize that his claims were actually against the United States, his failure to plead a waiver of sovereign immunity or address the arguments about dismissal under the FTCA or CSRA is not surprising. However, this court's order has now advised him that his action was against the United States and provided the reasons for its dismissal. Although Alvarez has not asked for leave to amend, the court will give him leave to do so, but he must amend within thirty days to avoid dismissal with prejudice.

## CONCLUSION

In sum, the court will the court will GRANT the application for an order regarding

substitution; will ORDER the clerk to reflect on the record that the United States has been substituted as the sole Defendant in place of Defendants Murphree and Nelson; will DEEM Plaintiff's response to be a request that this court dismiss the Social Security Administration and will GRANT that request; and will DISMISS as party Defendants the Social Security Administration, Jeff Murphree and Barry Nelson.  Further, the court will GRANT the United States' motion to dismiss this case; however, at this point, that dismissal is without prejudice and this case will not be closed.  The court will *sua sponte* GRANT Plaintiff LEAVE TO AMEND the Complaint within 30 days of the Order filed simultaneously with this Memorandum Opinion.

Dated this 30th day of October, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE